IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELIX A. KHIN-MAUNG-GYI, ET AL.   *
                                                                 *
                                                                 *

    v.                                            *        Civil No. – JFM-11-159
                                                                 *
TAL RAVIV                                 *
                                                            ******

**MEMORANDUM**

      This case arises from an automobile accident that occurred on I-95 JFK Memorial Highway near White Marsh Boulevard around 11:54 am on July 4, 2009.  One of the plaintiffs, Felix A. Khin-Maung-Gyi (hereinafter "plaintiff") has filed a motion for partial summary judgment on the ground that he is entitled to judgment as a matter of law on the issue of liability. Plaintiff's motion will be granted.

      Plaintiff and defendant both were traveling southbound on I-95.  Defendant was in the far left lane, and was traveling at 70 to 75 miles per hour.  Plaintiff was traveling at 65 miles per hour in the lane adjacent to the lane in which defendant was traveling.  The speed limit was 65 miles per hour.

      According to defendant, he wanted to change lanes and looked in his mirror to make sure that the lane in which plaintiff was traveling was clear.  He activated his turn signal and began to change lanes.  He observed a car speeding into the lane that he was attempting to move into.  In the memorandum in opposition to plaintiff's motion for summary judgment, defendant states that "[a] reasonable inference can be made that this vehicle was traveling well in excess of 70-75 mph based on the speed of Defendant's vehicle."  Defendant then jerked the steering wheel to the left, struck the median and swung back into the roadway where ultimately his vehicle

collided with plaintiff's vehicle. According to defendant's deposition testimony, he "overcompensated" when he saw the speeding car in the lane to which he was attempting to turn.

Plaintiff testified on his deposition that he has his cruise control set at 65. He further testified that defendant's vehicle "was two car lengths ahead of him," in the far left lane and there were no cars ahead of him in his lane.

In opposing plaintiff's motion for summary judgment on the issue of liability, defendant theorizes that plaintiff was contributorily negligent in that it was his vehicle that was speeding and caused defendant to jerk his steering wheel to the left, hit the median strip, and ultimately collide with plaintiff's vehicle. There are two fundamental fallacies in this contention. First, if in fact the vehicle had been traveling at 70-75 miles an hour, as defendant contends, it would have cleared the accident scene before the collision occurred. Second, defendant's contention is nothing more than speculation and is not supported by the evidence. Defendant cannot identify plaintiff's vehicle as the vehicle that was speeding, and plaintiff testified that he was traveling at 65 mph and that there were no vehicle in front of him.[1]

A separate order granting plaintiff's motion for summary judgment and entering judgment on his behalf on the issue of liability is being entered herewith.

Date:   March 2, 2012            ____/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[1] In light of these fallacies in defendant's argument, I need not reach the question whether, assuming that plaintiff was traveling in excess of the posted speed limit, he would not be able to prevail on the issue of liability as a matter of law. I note, however, that defendant's admission that he "overcompensated" by jerking his wheel that caused him to hit the median and then turn in to plaintiff's lane may have constituted an act of negligence that overcame the fact that plaintiff was traveling at an excessive speed. As noted, however, there is no evidence that plaintiff in fact was traveling at an excessive speed.